IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-63,304-01 and


WR-63,304-02





EX PARTE DELVIN BUCKLEY, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NUMBERS 3020241-A AND 3020245-A IN THE 147TH

JUDICIAL DISTRICT COURT TRAVIS COUNTY 



 

 


 Per curiam. 


 

O R D E R


 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). After entering guilty pleas, Applicant was convicted of sexual assault of a child and
aggravated sexual assault of a child. His sentences were assessed at concurrent terms of
confinement for twenty years for the sexual assault and thirty years for the aggravated sexual
assault. There was no direct appeal.

 In these applications for a writs of habeas corpus, Applicant argues, inter alia, that his
counsel provided ineffective assistance. The trial court ordered the filing of an affidavit from
trial counsel. However, no affidavit is included in the record. 

 Although the trial court has entered findings of fact addressing this claim, it is this
Court's opinion that more information is needed before this Court can render a decision on
this ground for review. Thus, further information must be submitted, including whether this
case was the result of a plea agreement and what the terms of the plea agreement were,
whether Applicant was made aware of the terms of any plea agreement, whether trial counsel
filed a motion for probation and argued that Applicant should receive probation, and whether
Applicant was entitled to and asked counsel to pursue an appeal.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure. The trial court shall order an affidavit from trial counsel addressing Applicant's
ineffective assistance of counsel claims. The trial court may also order depositions,
interrogatories, or hold a hearing. In the appropriate case, the trial court may also rely on its
personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall forward the
information to this Court along with a copy of the trial court's docket sheets in these causes. 
The trial court shall also make any further findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's application for habeas corpus
relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for post-conviction writs of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: January 18, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.